UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TYRELL LEWIS,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 14-CR-0369-W<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE** |

On March 16, 2015, this Court sentenced Defendant Tyrell Lewis to a mandatory minimum of 10 years' imprisonment for transportation of a minor to engage in prostitution in violation of 18 U.S.C. § 2423(a). Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), or time served with home confinement as a condition of supervision in the alternative, arguing that his asthma and pernicious anemia make him particularly vulnerable to becoming seriously ill from COVID-19.

18 U.S.C. § 3582(c) provides that a defendant may bring a motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to

1

bring a motion on his behalf. Defendant has satisfied the exhaustion requirement and the Court has jurisdiction and for the reasons below **DENIES** Defendant's motion.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The United States Sentencing Commission ("USSG") recognizes that certain medical conditions may constitute an "extraordinary and compelling reason" warranting a reduction in sentenced under § 3582. See USSG § 1B1.13. However, application note 1(A) limits a reduction for medical conditions to "terminal illness" or if the defendant is:

> (I) suffering from a serious physical or medical condition,
> 
> (II) suffering from a serious functional or cognitive impairment, or
> 
> (III) experiencing deteriorating physical or mental health because of the aging process,
> 
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(i)-(ii).

Defendant's medical ailments do not meet these limitations. Neither of Defendant's asserted conditions are terminal. In fact, both conditions are either resolved or well managed. Defendant's Bureau of Prisons medical records indicate that he has not suffered a recurrence of his childhood asthma during his 6.5 years of incarceration. As of June 18, 2020, Defendant's "Vitamin B12 deficiency anemia" is "well treated with B12

injections every 4 weeks" and appears to be abating. See Gov. Ex. 3 at 11. Neither of these conditions present any impediment to Defendant's ability to provide self-care in the institution.

Nor are either of Defendant's conditions identified by the Center for Disease Control as increasing a person's risk for developing serious illness from COVID-19. The CDC recently revised its assessment of people with "moderate-to-severe" asthma from "are at increased risk" for severe illness to the lower tier of "might be at an increased risk." Evening assuming Defendant currently suffers from asthma, there is no basis to characterize it as "moderate-to-severe." The mere potential to contract COVID-19, which threatens every non-immune person in the country, does not alone provide a basis for a sentence reduction. The facility where Defendant is housed has not reported any Covid-19 deaths and the Bureau of Prisons has a lengthy and detailed protocol addressing social distancing, hygienic and cleaning protocols, and the quarantining and treatment of symptomatic inmates.

Therefore, Defendant is not eligible for a sentence reduction due to extraordinary and compelling reasons based upon the USSG policy statement. Defendant's alternative request for a time served sentence followed by home incarceration as a condition of supervision is also denied based on the foregoing.

**IT IS SO ORDERED.**

Dated: August 13, 2020

Hon. Thomas J. Whelan
United States District Judge

3

14-CR-0369-W